IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BRANDY HAYES,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES SCHWAB & CO., INC.,**<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 4:24-cv-816-ALM**<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S FIRST MOTION IN LIMINE:
INFORMATION ABOUT WAGES EARNED OR LOST**

TO THE HONORABLE JUDGE AMOS MAZZANT:

In the event that Defendant is held liable in this case, Plaintiff will seek an award of Back Pay - i.e., " the amount of money the employee would have earned had she not been terminated, less the sum she did earn after termination." *West Telemarketing v. McClure*, 225 S.W.3d 658, 667 (Tex. App. 2006).

The award of back pay, however, is an equitable award to be determined by the Court post-verdict.  See, e.g. *Stanley Stores v. Chavana*, 909 S.W.2d 554, 563 (Tex. App. 1995) (it is the trial court that has discretion to award back pay as equitable relief in a discrimination lawsuit under TCHRA).  In fact, under TCHRA, the jury's award for compensatory damages "<u>may not</u> include back pay, or interest on back pay." Tex. Lab. Code Sec. 21.2585(c). Instead, back pay is treated as an element of equitable relief, for the Court to decide. Tex. Lab. Code Sec. 21.2585(b). See also *West v. Nabors Drilling USA, Inc.*, 330 F.3d 379, 394-95 (5th Cir. 2003) ("Because back

pay is an equitable remedy, the district court…can decide the back pay issue itself."); *Black v. Pan American Laboratories, L.L.C.*, 646 F.3d 254, 263 (5th Cir. 2011) (same).

The Court may handle the issue of back pay through a post-verdict bench hearing, or on written submissions. *See e.g. Corley v. Louisiana,* Case No. 06-882-SCR, at *4 n.7 (M.D. La. Oct. 17, 2011) (Ruling, regarding the issue of back pay: "At an appropriate time and outside the presence of the jury, the court will set a time for hearing evidence and argument related to these issues").

The following issues are solely related to the proper amount of a back pay award, and should, therefore, be presented solely to the Court post-verdict, not to the jury:

1) witness testimony, exhibits, or statements from attorneys about the sufficiency of the efforts that Plaintiff made to find a new job after she was fired from Defendant, or about other jobs that Defense believes Plaintiff should have applied for, or that she could have been hired for;

2) witness testimony, exhibits, or statements from attorneys suggesting that Plaintiff could or should have done more to mitigate her wage losses;

3) witness testimony, exhibits, or statements from attorneys about whether Plaintiff received unemployment benefits, or how much;[1]

4) witness testimony, exhibits, or statements from attorneys about how much money Plaintiff has earned or will earn at her current job;

5) witness testimony, exhibits, or statements from attorneys about the amount of time that passed between Plaintiff's termination and when she found her new job;

6) witness testimony, exhibits, or statements from attorneys about when Plaintiff began looking for new employment, or when she found her new job;

7) witness testimony, exhibits, or statements from attorneys about Plaintiff's earnings levels while employed at Defendant; or

8) witness testimony, exhibits, or statements from attorneys about how much Plaintiff was paid while on leave.

---

[1] Final TWC determinations of benefits are inadmissible by statute. TEX. LAB. CODE § 213.007.

Because the jury in this case will not be asked to calculate back pay, or decide if it should be awarded, there is no reason to present such evidence to the jury. Doing so would only cause unfair prejudice, confuse the issues, mislead the jury, and waste time.

Plaintiff therefore requests that the Court prevent Defendants from raising these issues at trial, either through testimony, exhibits, or statements from attorneys. *See, e.g.:*

- *Realtime Data LLC v. Echostar Corp.,* No. 6:17-CV-00084-JDL, 2018 WL 10466786, at *1 (E.D. Tex. Dec. 17, 2018) (Granting Plaintiff's Motion in Limine as to "No Evidence or Argument Relating Solely to Equitable Issues to be Decided by the Court");

- *Pfluger v. Abilene Healthcare Operations, et al* (Case No. 51601-A, Taylor County Texas, Order Issued 04/01/2025) (because Plaintiff chose to submit back pay post-verdict, limine granted as to evidence of the efforts that Plaintiff made to find a new job, her unemployment benefits, or her post-termination wages, and as to any arguments about alleged failure to mitigate).

- *Kirby v. J.C. Penny Corp.*, Case No. 2:08-cv-1088 (W.D. Penn., Oct. 29, 2009) (Granting same motion in limine: "Defendant is precluded from introducing evidence of Plaintiff's back pay or the mitigation of same before the jury.")

- *EEOC v. Wal-Mart Stores, Inc.* (Case No. 17-C-70, E.D. Wis., verdict returned 07/15/21) (as reflected in the signed verdict form, the Court granted Plaintiff's Motion in Limine "Restricting evidence related to the issues of equitable relief such as back pay, reinstatement or front pay in lieu of reinstatement, lost benefit, tax off set, and injunctive relief to be addressed to the Court alone by post trial briefing."); and

- *Spencer v. Wal-Mart Stores,* 469 F.3d 311, 316 (3d Cir. 2006) (upholding trial court's ruling that it was error to submit back to the jury, noting: "it is obvious that back pay remains an equitable remedy to be awarded within the discretion of the court.").

Respectfully Submitted,

**Tremain Artaza, PLLC**

By: */s/ Ashley E. Tremain*
      **Ashley E. Tremain**
      State Bar No. 24066209

6060 N. Ctrl. Expwy., Ste. 567
Dallas, Texas 75206
Telephone: 469-573-0229
Facsimile: 214-254-4941
Ashley@tremainartaza.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE:**
On November 4, 2025 I filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*/s/ Ashley E. Tremain*

**CERTIFICATE OF CONFERENCE:**
On November 4, 2025, I conferred with Linda Schoonmaker, attorney for Defendant, and she confirmed that Defendant opposes this Motion.

*/s/ Ashley E. Tremain*