IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BRANDY HAYES,**<br><br>Plaintiff,<br><br>v.<br><br>**CHARLES SCHWAB & CO., INC.,**<br><br>Defendant. | §§§§§§§§§§§§§§§ | Civil Action No. 4:24-cv-816-ALM<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S SECOND MOTION IN LIMINE:
EVIDENCE OF "OTHER BAD ACTS" THAT WERE NOT
THE REASON(S) FOR PLAINTIFF'S TERMINATION**

TO THE HONORABLE JUDGE AMOS MAZZANT:

Throughout this case, Defendant has provided the same explanation for why Plaintiff was fired: alleged issues with her "Call Quality."[1] More specifically, John Bergeron (the manager who made the decision to terminate Plaintiff's employment) testified as follows:

- "Call quality was my the only thing I remember really being, like, the main focus of the conversation, you know, anything more than just a passing conversation, was the call quality. That was the primary concern for the termination."

- Q: "When you are before the judge and the jury in this matter, are you going to testify that a reason you terminated Ms. Hayes was her availability score and her not being available to take calls? A. No."

- Q: "When you're before the judge and the jury in this matter and you're testifying as to the reasons you terminated Ms. Hayes, are you going to tell them one of the reasons was her adherence score being below the segment average for adherence? A. No."

- Q. "Are there any reasons I have not stated that you are going to identify to the judge and jury as a reason that you terminated Ms. Hayes? And I'll go through the

---

[1] *See e.g. John Bergeron deposition excerpts* ("

list that I just went over with you so you have it clear in your head. I went over call quality concerns, the lack of ownership, discovery, and inaccurate information, the excessive tardies, late start, and extended breaks, inappropriate phone behaviors and states, availability, and adherence.Is there anything else that you're going to identify as a reason that you terminated Ms. Hayes? A. I'd say the lack of engagement…." [details provided on lack of engagement].

During discovery, however, Defendant has brought up a number of other alleged problems, failures, or other "bad acts." But none of these have ever been identified as a reason for Plaintiff's Coaching Memo, Written Warning, or Termination. Introducing these extraneous other acts to the jury would be unquestionably prejudicial, and would only confuse the issues, mislead the jury, and waste time.

The only possible purpose for raising these issues would be to plant the idea in the jurors' minds that Plaintiff was a *generally* bad worker, and therefore they should also believe the accusations of poor performance that were made in Plaintiff's Coaching Memo, Written Warning, and Termination. But that sort of evidence is inadmissible under Federal Rule of Evidence 404(a) ("evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith"), and Fed. R. Evid. 608 (extrinsic evidence of other acts, in order to prove that a witness is not generally credible, is inadmissible).

Plaintiff asks that the Court prohibit Defendant from raising these other acts at trial, either through testimony, exhibits, or statements from attorneys. The other extraneous acts include:

1. The fact that Plaintiff submitted an application for employment with Charles Schwab in May of 2022 (before the term of employment which is at issue in this case), but was not hired at that time.

2. Any argument or suggestion that it was improper, or against Charles Schwab policies, for Plaintiff to take photographs of her computer screen at work. Defendant has not pled the "after acquired evidence" defense in this case, and it has not made any disclosures during discovery in this case to suggest that it was improper for Plaintiff to take these photographs.

3. The fact that Plaintiff did not pass her Securities Industry Essentials, Series 7 and 63 licenses exams. This occurred before the Plaintiff ever worked for the manager (John Bergeron) or in the role, at issue in this case. And this has never been alleged to be a reason for Plaintiff's termination in this case. But Defendant's counsel has repeatedly referred to her "flunking" this exam, in an attempt to paint her as a bad employee in general.

4. Stacey Richard's claim that she heard Plaintiff taking a personal call during work hours, and that doing so amounted to "time theft." This Motion in Limine would include, but not be limited to, Defendant's requested Exhibit No. 2 (Bates-labeled Schwab/Hayes 002544 – 002555).

5. John Siadek's observations and ratings about Plaintiff's calls. This would include, but not be limited to, Defendant's requested Exhibit D3 ("Call reviews from John Siadak (Hayes), Exhibit D-4 ("Call reviews from John Siadak (Delao), and Exhibit D-5 "Call reviews from John Siadak (Hayes)").

6. John Siadek's observations about Plaintiff's alleged lack of participation in the training ("nesting") chat.

7. The fact that Plaintiff was not married when she gave birth to her child. Defense should be prohibited from affirmatively raising this fact, and should it come up through Plaintiff (i.e., if Plaintiff "opens the door,"), Defense should still be prohibited from using phrases like "out of wedlock," "single mom" or other phrases that carry moral implications, to refer to the fact that Plaintiff was not married.

8. The fact that Plaintiff filed a complaint against a prior supervisor, Latisha Munson. The only reason for Defendant to bring this up is to suggest that Plaintiff is a serious complainer, or "litigious," which is not a proper argument. *See e.g. Rembrandt Wireless Techs., LP v. Samsung Elecs. Co., Ltd.*, No. 2:13-CV-213-JRG-RSP, 2015 WL 627430, at *1 (E.D. Tex. Jan. 31, 2015) (granting Motion to preclude Defendants from any references, evidence, testimony arguments regarding other claims made by the Plaintiff).

Respectfully Submitted,

**Tremain Artaza, PLLC**

By: */s/ Ashley E. Tremain*
        **Ashley E. Tremain**
        State Bar No. 24066209

6060 N. Ctrl. Expwy., Ste. 567
Dallas, Texas 75206
Telephone: 469-573-0229
Facsimile: 214-254-4941
Ashley@tremainartaza.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE:**
On November 4, 2025 I filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*/s/ Ashley E. Tremain*

**CERTIFICATE OF CONFERENCE:**
On November 4, 2025, I conferred with Linda Schoonmaker, attorney for Defendant, and she confirmed that Defendant opposes this Motion.

*/s/ Ashley E. Tremain*