IN THE UNITED STATES DISTRICT COURT
FOR EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| BRANDY HAYES, | § | |
| --- | --- | --- |
| Plaintiff, | § § § § | |
| v. | § § § | Civil Action No. 4:24-cv-816-ALM |
| CHARLES SCHWAB & CO., INC., | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § | |

**PLAINTIFF'S THIRD MOTION IN LIMINE:
DETAILS ABOUT PLAINTIFF'S FMLA & PWFA CLAIMS**

TO THE HONORABLE JUDGE AMOS MAZZANT:

In connection with the Summary Judgment proceedings in this case, Plaintiff dropped her claim under the Pregnant Workers Fairness Act. Plaintiff has also decided not to present her FMLA claim to the jury. The only claims that the jury will decide, therefore, will be the claim for discrimination under Title VII (including the Pregnancy Discrimination Act) and under Chapter 21 of the Texas Labor Code.

Plaintiff asks the Court to prevent Defendant from eliciting witness testimony, presenting exhibits, or making statements to the jury about the fact that Plaintiff originally asserted other claims, which are not being presented to the jury.

Furthermore, evidence that is solely about the details of Plaintiff's FMLA leaves would only confuse the issues, mislead the jury, and waste time. While it is likely unavoidable for the jury to hear the basic *fact* that Plaintiff took maternity leave, extraneous detail beyond that simple fact – especially about other FMLA leaves that are not at issue in this case – should be

prevented. This information is prejudicial because it will be used to suggest that Plaintiff was trying to "milk the company for benefits" (a comment made by one of the witnesses in this case), in the absence of any context or instruction from the Court about the FMLA or PWFA laws, or about Plaintiff's being entitled to those benefits.

To correct the prejudice caused by allowing this sort of evidence, the Court would have to issue limiting instructions, and Plaintiff would have to put on a side "mini trial" about this extraneous issue, in order to correct the misunderstandings that this sort of information would tend to create.

Therefore, Plaintiff asks the Court to prevent Defendant from raising the follow issues:

1. witness testimony, exhibits, or statements from attorneys about the fact that Plaintiff originally asserted a claim under the FMLA, but has since dropped that claim;

2. witness testimony, exhibits, or statements from attorneys about the fact that Plaintiff was denied FMLA leave in August 2023 (Defendant's Exhibit 9, Bates Number 000504);

3. witness testimony, exhibits, or statements from attorneys about the fact that Plaintiff asked for leave in 2022, or the fact that she was not granted leave at that time;

4. witness testimony, exhibits, or statements from attorneys about the fact that Plaintiff testified in her deposition that one of the reasons she believes she was fired was because she took medical leave; and

5. witness testimony, exhibits, or statements from attorneys about whether or how much Plaintiff was paid while on leave.

Respectfully Submitted,

**Tremain Artaza, PLLC**

By: */s/ Ashley E. Tremain*
        **Ashley E. Tremain**
        State Bar No. 24066209

6060 N. Ctrl. Expwy., Ste. 567
Dallas, Texas 75206
Telephone: 469-573-0229
Facsimile: 214-254-4941
Ashley@tremainartaza.com

**COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF SERVICE:**
On November 4, 2025 I filed the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas. I hereby certify that I have served the document on all counsel and/or pro se parties of record by a manner authorized by Federal Rules of Civil Procedure 5 (b)(2).

*/s/ Ashley E. Tremain*

**CERTIFICATE OF CONFERENCE:**
On November 4, 2025, I conferred with Linda Schoonmaker, attorney for Defendant, and she confirmed that Defendant opposes this Motion.

*/s/ Ashley E. Tremain*